# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY MICHELLE WARE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | No.:  1:18-cv-01192-STA-jay |
| | ) | |
| v. | ) | |
| | ) | |
| **MARK ALEXANDER,** | ) | |
| **ED HATTON, and CHARITY** | ) | |
| **SINGLETON** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

On September 26, 2018, *pro se* plaintiff, Kimberly Michelle Ware, filed this Complaint against Mark Alexander, Ed Hatton, and Charity Singleton (D.E. 1). In an order issued on October 24, 2018, the Court granted Plaintiff leave to proceed *in forma pauperis* (D.E. 9). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05).

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

 (i) is frivolous or malicious;

 (ii) fails to state a claim on which relief may be granted; or

 (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a

2

plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

In Plaintiff's Complaint she includes an assortment of information including, but not limited to, various unidentified case citations, police reports, extensive notes on drug traffickers and cartels, a discussion of whether the United States is a republic or a democracy, a history of clothing brands, information on child support, and a long list of names with "intent to kill" notated next to the name. However, after a laborious deciphering of Plaintiff's notes, it seems the crux of Plaintiff's Complaint are claims pursuant to the Fair Housing Act ("FHA") 42 U.S.C. § 3601, *et seq.*, and the Tennessee Human Rights Act ("THRA") Tenn. Code Ann. § 4-21-101, *et seq.*, for "all the retaliation, discrimination, coercion, retaliation – from THRD/HUD and private landlord." (D.E. 1 PageID 3). Tennessee courts have held that the legislature intended the Tennessee Human Rights Act to be coextensive with federal civil rights laws. *See Parker v. Warren Cnty. Util. Dist.,* 2 S.W.3d 170, 172 (Tenn.1999). Thus, the Magistrate Judge will analyze the housing discrimination claims under the FHA and the THRA the same.

The purpose of the Fair Housing Act is "to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. To that end, the Act prohibits discrimination against "any person because of race, color, religion, sex, familial status, or national origin" in the rental or sale of housing. 42 U.S.C. § 3604(a). To state a claim under the FHA, plaintiff must show: (1) that she is a member of a protected class; (2) that she applied for and was

qualified to rent housing; (3) that she was rejected; and (4) that the housing remained available thereafter. *Mencer v. Princeton Square Apartments,* 228 F.3d 631, 634–35 (6th Cir.2000).

The FHA provides in relevant part:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617. Similarly, it is a discriminatory practice in Tennessee for a person to retaliate or discriminate in any matter against someone because that person filed a complaint under the Tennessee Human Rights Law. Tenn. Code Ann. § 4–21–301(1).To state a claim under § 3617, the plaintiff in this case must establish (1) that she exercised or enjoyed a right guaranteed by §§ 3603–3606; (2) that the defendant's intentional conduct constituted coercion, intimidation, threat, or interference; and (3) a causal connection between her exercise or enjoyment of a right and the defendant's conduct. *Hood v. Midwest Sav. Bank,* 95 Fed. Appx. 768, 779 (6th Cir.2004).

Here, Plaintiff does not specify who the defendants are in this case besides that Ed Haltom may work for Madison Realty and was the landlord for a property Plaintiff resided in at Linden Street in Jackson, Tennessee. For example, Plaintiff notes that Ed Haltom "bad wiring under house" and mold, Charity Singleton Section 8 retaliation, and Mark Alexander "no hot water, cock roach infestations, it was not cleaned before I moved into resident had to do all cleaning myself [and] painting (not section 8)." Plaintiff does not allege facts sufficient to satisfy the elements of a claim under the FHA. In fact, the Complaint, despite its length, is bare of factual allegations concerning her claims. Plaintiff references some language necessary to her claims but does not give the Court any information as to what or who this general language refers to precisely. The closest Plaintiff gets to making some reference to the elements of her claims, that the Court can decipher, is her notation that "[m]y electric bill got real expensive that I could not pay, then they

4

automatic cut off my section 8 voucher, that was what retaliated against me for the problem with conciliation."[1] (D.E. 1-4 PageID 93).   However, Plaintiff makes no mention of which Defendant she is referring to in this statement or what the specific connection is.   Specifically, Plaintiff has not provided fair notice of what her claim is and the grounds on which it rests as required by the Federal Rules of Civil Procedure.  *Dickinson v. Zanesville Metro. Hous. Auth.,* 975 F.Supp.2d 863, 870–72 (S.D. Ohio 2013).

Under § 1915(e)(2)(B), the court has the discretion to refuse to accept allegations in a complaint that are "clearly baseless," a term encompassing claims that may be described as "fanciful, fantastic, delusional, wholly incredible, or irrational." *Bumpas v. Corr. Corp. of America,* No. 3:10–1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992)). Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999).

In addition to her FHA and THRA claims, Plaintiff marked on the Civil Cover Sheet approximately 30 plus other claims.   In Plaintiff's attached notes, she attempts to address these additional claims. For example, "410 Anti-trust – do not trust anyone-exspecially [sic] anyone with credentials – or programs[.]" The Court categorizes these claims as wholly frivolous, nonsensical, and devoid of merit, such that they warrant dismissal under both § 1915(e)(2)(B) and

---

1 It appears that Plaintiff is referencing an attached Conciliation Agreement between herself, Denise Alley of Jackson Housing Authority, and Sherry Jackson of McMillan Towers, LLC, that was signed in 2017. Plaintiff also attached a letter from West Tennessee Legal Services declining to represent Plaintiff.   This letter also outlined her claims that were investigated by the Tennessee Human Rights Commission but none of the Defendants in this case are mentioned in the letter. The Court is unaware of any other facts concerning this statement made in Plaintiff's Complaint.

Rule 12.  *See Jefferson v. World Bank,* No. 15–2176–JDT–dkv, 2015 WL 1565883, at *4 (W.D. Tenn. Apr. 8, 2015) (dismissing *pro se* plaintiff's complaint as factually frivolous under § 1915(e)(2)(B)); *Williams v. City of Memphis,* No. 14–2767–JDT–tmp, 2015 WL 808456, at *7 (W.D. Tenn. Feb. 25, 2015) (dismissing *pro se* plaintiff's lawsuit as frivolous under Rule 12(b)(1)); *Veasley v. Bryant,* No. 14–2558–JDT–tmp, 2014 WL 4057146, at *5 (W.D. Tenn. Aug. 15, 2014) (dismissing *pro se* plaintiff's lawsuit as frivolous under Rule 12(b)(1)); *Smiley v. Nadean,* No. 1:14–cv–87, 2014 WL 546035, at *2 (S.D. Ohio Feb. 10, 2014) (dismissing *pro se* plaintiff's complaint as frivolous under § 1915(e)(2)(B)).

## **CONCLUSION**

For all these reasons, the Magistrate Judge recommends that this Court dismiss Plaintiff's Complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(1).

Respectfully Submitted this 29th day of March, 2019.

                                                     **s/Jon A. York**
                                               UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION.   28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**